BYBEE, Circuit Judge,
dissenting in part:
I join the majority opinion except so much of Section II.F that concludes that GEICO and Hartford insurance companies willfully violated FCRA. The district court *1041 awarded judgment to the insurance companies on summary judgment without reaching the question whether the companies “willfully fail[ed] to comply” with the requirements of FCRA. 15 U.S.C. § 1681n(a). The insurance companies urged the district court, as an alternative ground, to hold that the companies did not act willfully as a matter of law. They urged the same position to us on appeal as an alternative ground for affirming the judgment. The appellants did not brief the question of willfulness until the reply briefs, and in each case the appellants requested that we decline to rule for the insurance companies and remand the case to the district court for further proceedings.
I would not decide as a matter of fact that the insurance companies behaved willfully on the basis of their lawyers’ arguments on appeal. I cannot conclude on the basis of the record before us that the companies’ actions here were so “indefensible,” “implausible,” “untenable,” “plainly unmeritorious,” “clearly contrary to FCRA’s language,” “nonsensical,” and without “colorable argument” that we can conclude that the companies’ “reliance on such implausible interpretations constitutes reckless disregard for the law” and decide their willfulness ourselves without the benefit of findings of fact or full briefing.
If I thought our record was complete, I would not find that the companies willfully failed to comply with FCRA as a matter of law. The majority holds that we can reach the question because the district “necessarily found their actions not to be willful as a result of their reliance on an untenable interpretation of the statute.” The reason the district court “necessarily found their actions not to be willful” is because the district court agreed with their legal position, a position the majority now declares to be “nonsensical” and “untenable.” While I agree with the majority that the district court’s understanding of FCRA was wrong, I cannot go so far as to conclude that the district court’s conclusion, like the companies’ position, was also untenable.
Accordingly, I would remand the question of whether the companies willfully failed to comply with FCRA to the district court for further proceedings. I respectfully dissent as to that portion of the opinion.